UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| RHUDY HERNANDEZ, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| U.S. BANK, N.A., AS TRUSTEE FOR, SASCO MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-BC3, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) ) ) ) | CA NO. 1:17-cv-00316 |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

### INTRODUCTION

The Defendants' have submitted to this Court a Motion to Dismiss, and Memorandum of Law in Support of said motion, which challenges the Plaintiff's allegations that the foreclosure sale conducted of the Plaintiff's property by the Defendants' is void because the assignment of the subject mortgage secured thereto is allegedly void.

For the reasons as more fully set forth herein, the Plaintiff objects to the Defendants' Motion to Dismiss and requests this Honorable Court deny said motion.

### FACTUAL BACKGROUND

On November 29, 2006, Plaintiff executed a mortgage and note for $436,000.00 to People's Choice Home Loans, Inc. (People's Choice) as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee, acting solely as nominee of Lender, People's Choice. The Mortgage was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3546 at Page 81 on December 4, 2006. (See: Am. Compl. Exhibit 1).

1

On March 20, 2007, People's Choice filed for protection from their creditors under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California as case number 8:07-bk-10765.

On July 27, 2007, People's Choice filed a Notice of Rejection of Various Contracts as Document # 558 in United States Bankruptcy Court, Central District of California, case number 8:07-bk-10765. Listed as a rejected contract is Mortgage Electronic Registration Systems, Inc. (MERS). (See: Am. Compl. Exhibit 2, Id. at p.10).

Plaintiff has alleged that when People's Choice filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. (See: 11 U.S.C. § 365(g); "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease.").

Plaintiff has further alleged that once People's Choice terminated their relationship with MERS, MERS' authority to assign the Hernandez Mortgage was also terminated.

Plaintiff has moreover alleged that on February 19, 2009, MERS, acing solely as nominee for People's Choice, purportedly assigned the Hernandez Mortgage to U.S. Bank N.A. (U.S. Bank) as trustee for SASCO Mortgage Pass-through Certificates, Series 2007-BC3. Said assignment was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3999 at Page 8 on February 25, 2009. (See: Am. Compl. Exhibit 3).

Plaintiff has alleged that the assignment of the mortgage executed by MERS to U.S. Bank is void *ab initio* because the assignor, MERS, lacked the authority to assign the Hernandez mortgage and had nothing to assign. (See: Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013); 17A Am. Jur. 2d. Contracts § 10 at 45-46 (2004) ("A void contract

is void as to everybody whose rights would be affected by it if it were valid."). (See also: <u>DiLibero v. MERS</u>, No. 2013-190 (RI Supr. 2015)).

On or about July 18, 2016, U.S. Bank retained Bendett & McHugh, P.C. to foreclose the subject matter mortgage, and subsequently caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of September 9, 2016.

On September 9, 2016, prior to the scheduled Mortgagee's Foreclosure Sale of the subject property, Plaintiff filed for protection from her creditors under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island in case number 1:16-bk-11556.

At the time the Plaintiff filed Bankruptcy, the subject property became property of the Plaintiff Debtor's Bankruptcy Estate as was subject to the automatic stay under 11 U.S.C. § 362(a)

Defendant U.S. Bank purportedly foreclosed the subject mortgage and the subject property was purportedly sold at mortgagee's foreclosure sale on September 9, 2016 to a third party bidder.

On February 13, 2017, Plaintiff filed her Complaint in Rhode Island Superior Court alleging that the foreclosure and Mortgagee's Foreclosure Sale were in violation of R.I.G.L. § 34-11-22, are void and without force or effect, as U.S. Bank was not a mortgagee who could have invoked the statutory power of sale, subsequent to an assignment which is void *ab initio*. Plaintiff further alleged that the foreclosure and sale are in violation of a stay of Bankruptcy pursuant to 11 U.S.C. § 362(a) *et seq*. The Defendants removed the action to this Honorable Court on July 5, 2017.

Plaintiff seeks relief therein in the form of a declaratory judgment that the foreclosure is void, injunctive relief preventing U.S. Bank from any further conveyance, foreclosure and or eviction action, and to quiet title to the subject property

## STANDARD OF REVIEW

The Federal Courts, when reviewing a Rule 12 Motion, have consistently held that it must take all allegations pled in the Plaintiff's Complaint as true. The Plaintiff has set forth a multitude of facts that if taken as true, satisfy the dictates of Federal Rule 12. In light of the United States Supreme Court's holding in <u>Ashcroft v. Iqbal</u>, 129 S. Ct 1937, 1951 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); this complaint, when viewed by the Court, with all factual assertions being taken as true, "plausibly suggest[s] an entitlement to relief." Id. at 1950. Further a dismissal of a complaint is disfavored and should only be granted in extraordinary cases. "A court ruling on a motion to dismiss construes the complaint in the light most favorable to the Plaintiff, taking all well-pleaded allegations as true and giving Plaintiff the benefit of all reasonable inferences." See <u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir. 1998).

Additionally, the Rhode Island standard for a Rule 12 (b)(6) motion is that the Court should only grant such a motion "'when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiffs claim'" <u>Hendrick v Hendrick</u>, 755 A.2d at 793 (RI. 2007) (quoting <u>Bruno V. Criterion Holdings, Inc.</u>, 736 A.2d. 99, 99 (RI. 1999)). Thus for purposes of this motion, all the facts alleged by the Plaintiff are deemed to be true for the purposes of the Motion to Dismiss. As a result, the Defendants Motion cannot be granted. The allegations made in Plaintiff's Complaint cannot be tested by Defendant in a Motion to Dismiss.

## ARGUMENT

### Stay was in Effect

Although the Defendants argue that Plaintiff's two previously filed bankruptcies denied Plaintiff a stay when filing her third bankruptcy on September 9, 2016, their argument fails to

4

take into account that while the stay as to the Plaintiff Debtor personally did not apply, it did apply to property of the Plaintiff Debtor's Bankruptcy Estate, of which the subject property was a part.

(See; In re: Hale, Case No. 15-71021, US Bankruptcy Court Eastern District of NY (July 30, 2015) "The majority of courts that have addressed the issue of the scope of the termination of the stay under section 362(c)(3)(A) have determined that the stay only terminates with respect to the debtor and his property, but not property of the estate. "[T]he emerging majority view is that the termination of the automatic stay under section 362(c)(3) does not extend to actions against the property of the bankruptcy estate — rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play." Chekroun v. Weil (In re Weil), 2013 WL 1798898, at *3 (D.Conn. April 29, 2013). See In re Witkowski, 523 B.R. 291 (1st Cir. BAP 2014) (finding no reason to deviate from the majority of courts and holding that under section 362(c)(3)(A), the automatic stay terminates as to the debtor and the debtor's property, but remains in effect as to the property of the estate); See In re Holcomb, 380 B.R. 813, 816 (10th Cir. BAP 2008) ("[T]he automatic stay terminates under section 362(c)(3)(A) only with respect to the debtor and the debtor's property but not as to property of the estate."); In re Jumpp, 356 B.R. 789, 791 (1st Cir. BAP 2006) ("The majority of courts that have considered the issue have concluded that the automatic stay does not terminate with respect to property of the estate."); In re Jones, 339 B.R. 360 (Bankr.E.D.N.C.2006)").

The view of the U.S. Bankruptcy Court, District of RI is no different; "The Court has previously held in other cases, consistent with the majority view, including the decision of the First Circuit Bankruptcy Appellate Panel in In re Witkowski, 523 B.R. 291 (1st Cir. BAP 2014), that the termination of the stay under 11 U.S.C. Section 362(3)(c)(B) applies only to the debtor and not to the bankruptcy estate. Accordingly, the Court determines that the automatic stay under

11 U.S.C. Section 362(a) is currently in effect as to the interest of the bankruptcy estate in the Property and the foreclosure sale cannot proceed as scheduled." (See: In re Pires, 16-11538, Bankr. Dist. RI (2016).

As the subject property became part of the Plaintiff Debtor's Bankruptcy Estate prior to the Mortgagee's Foreclosure Sale on September 9, 2017, the stay went into effect as to property of said bankruptcy estate and the foreclosure conducted by U. S. Bank and Mortgagee's Sale of the subject property later that day were in violation of 11 U.S.C. § 362(c)(1) & 362(c)(3)(A), and are void and without force and effect.

**Rejection of MERS Contract**

Plaintiff has alleged that when People's Choice filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. Plaintiff has further alleged that once People's Choice terminated their relationship with MERS, MERS' authority to assign the subject matter mortgage was also terminated. Plaintiff has moreover alleged that the assignment of the mortgage executed by MERS to U.S. Bank is void *ab initio* because the assignor, MERS, lacked the authority to assign the subject matter mortgage and had nothing to assign.

While it is the Defendants contention that the Notice of Rejection did not terminate People's Choice's relationship with MERS, the Rhode Island Supreme Court has decided differently in DiLibero v. Mortgage Electronic Registration Systems, Inc., which involved substantively similar issues as those presented in this action.

"However, in view of New Century's actions in the Bankruptcy Court rejecting its relationship with MERS, "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease." 11 U.S.C. § 365(g). Therefore, crediting the

6

allegations of the plaintiff's complaint as true, as we must in this analysis, when New Century filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. See id. Thus, the subsequent assignment of the mortgage executed by MERS to UBS would be void ab initio because the assignor, MERS, had nothing to assign. See Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013); 17A Am. Jur. 2d. Contracts § 10 at 45-46 (2004) ("A void contract is void as to everybody whose rights would be affected by it if it were valid."). Based upon the facts as alleged in the complaint, it is our opinion that the plaintiff has adequately stated a claim upon which relief may be granted." DiLibero v. Mortgage Electronic Registration Systems, Inc., 108 A.3d 1013, 1015 (R.I. 2015).

The Plaintiff has alleged that due to the alleged void assignment as noted, U.S. Bank was not the mortgagee of the mortgage, which she executed to People's Choice, nor is U.S. Bank entitled to enforce said mortgage. These allegations, if true, would prevent U.S. Bank or any entity acting on its behalf from foreclosing on the Plaintiff's home.

**Note Holder Controversy**

In an attempt to demonstrate that MERS properly assigned the mortgage to U. S. Bank, Defendants argue that MERS was acting on behalf of a note holder, who they tacitly do not identify, other than People's Choice, when assigning the subject matter mortgage, implying that the note was not part of the bankruptcy estate of People's Choice. However, Plaintiff's allegation to the contrary is plain and simple enough; "MERS, <u>acting solely as nominee for People's Choice</u>, purportedly assigned the Hernandez Mortgage to U.S. Bank N.A." and "the assignment of the mortgage executed by MERS to U.S. Bank is void *ab initio* because the assignor, MERS, lacked the authority to assign the Hernandez mortgage and had nothing to assign."

If those allegations are presumed true, with any doubts resolved in Plaintiff's favor, then Defendants Motion must fail. Plaintiff argues here that MERS was acting solely as nominee for People's Choice, as she originally alleged, that the assignment as recorded was purposefully misleading to cover up MERS failure to acknowledge that it had not properly motioned the bankruptcy court for relief, and that the note she executed to People's Choice was a part of the bankruptcy estate of People's Choice at the time said assignment was made.

But even assuming *arguendo* MERS could properly act in its own name on behalf of a third party, that right would not entitle MERS to bring an assignment of mortgage because MERS has merely shown it was appointed as the original lenders' agent. This showing, however, does not prove it has been appointed an agent by a successor or assign of People's Choice. See: In re Vargas, 396 BR. 511, 517 (Bankr. CD. Cal. 2008) ("If [the original lender] has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal.").

While the Defendants infer that MERS may have been acting on behalf of a successor or assign of People's Choice, there is nothing in the record indicating who owned the loan at the time it was assigned. Accordingly, the record contains no indication that MERS has been authorized by a successor or assign of People's Choice, if any, to serve as its nominee. What the record does show is an Amended Complaint filed by a Plaintiff, whose allegations must be presumed true and Defendants arguments which do not demonstrate any compelling reasons or evidence to find that the Plaintiffs claims do not rise to the level of a plausible entitlement to relief. These opposing positions are clearly issues in controversy which can only be resolved through discovery and trial on the merits and cannot be decided as a matter of law. Thus, it is Defendants Motion to Dismiss which fails, not Plaintiff's Amended Complaint.

## CONCLUSION

In spite of the Defendants' numerous arguments in attempt to produce a smoke screen obscuring the issues in this case, the transfer and assignment of the mortgage in this case are is allegedly "void". Therefore the foreclosure is void because the Defendant Trustee was not a mortgagee at the time of the foreclosure sale.

Additionally, at the time of the mortgagee's sale, the stay was in effect as to property of the Plaintiff Debtor's Bankruptcy Estate of which the subject property was part, rendering said sale void.

This facts are fatal to all of the Defendants arguments in favor of dismissal, rendering them irreparably flawed. As U.S. Bank was not the mortgagee they had no right to foreclose. As the property was subject to a bankruptcy stay, U.S. Bank had no right to foreclose. For these reasons, the foreclosure and mortgagee's foreclosure sale are void.

WHEREFORE, for the reasons as set forth herein above, the Plaintiff respectfully requests this Honorable Court deny the Defendant's Motion for to Dismiss, in its entirety.


Dated: August 25, 2017

                                Plaintiff, Rhudy Hernandez,
                                By her Attorney,


                                */s/ Nelson Robles*
                                Nelson Robles (9649)
                                668 Hartford Avenue
                                Providence, RI 02909
                                401-572-3335 Telephone
                                401-572-3344 Facsimile
                                nrobles85@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2017, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

/s/ *Nelson Robles*
Nelson Robles