# Exhibit 1

| STATE OF RHODE ISLAND | SUPERIOR COURT |
| PROVIDENCE, SC. | |

| | |
|---|---|
| RHUDY HERNANDEZ, ) | |
| ) | CA NO. PC-2017-0702 |
| *Plaintiff*, ) | |
| ) | 2nd AMENDED |
| ) | COMPLAINT |
| vs. ) | |
| ) | JURY DEMAND |
| U.S. BANK, N.A., AS TRUSTEE FOR, ) | |
| SASCO MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES, SERIES 2007-BC3, ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| ) | |
| *Defendants*. ) | |

## INTRODUCTION

1. This complaint is brought by Plaintiff Rhudy Hernandez against Defendants U.S. Bank, N.A. as trustee for SASCO Mortgage Pass-through Certificates, Series 2007-BC3 (US Bank) and Mortgage Electronic Registration Systems, Inc. (MERS) for wrongful foreclosure and Mortgagee's Foreclosure Sale of real property located at 200 Oaklawn Avenue, Cranston, RI 02920.

2. Plaintiff sets forth that the foreclosure of a mortgage, given by Plaintiff to People's Choice Home Loan, Inc. (People's Choice) as Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee, solely acting as nominee of People's Choice, which was purportedly assigned to Defendant US Bank, is void as US Bank lacked authority to exercise the statutory power of sale in the mortgage because the assignment of the subject matter mortgage from MERS, as nominee of People's Choice, to US Bank is void *ab initio*.

## JURISDICTION AND VENUE

3. Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4. Plaintiff further avers that the Court has redressable claims over the matters in this complaint pursuant to the following statute:

   a. Plaintiff claims that the foreclosure was in violation of R.I.G.L. § 34-11-22 because the foreclosure did not comply with said statute as US Bank is not a mortgagee who could have invoked the statutory power of sale.

## PARTIES

23. Plaintiff Rhudy Hernandez resides at and claims to be the rightful owner of 200 Oaklawn Avenue, Cranston, RI 02920 which is the subject property referenced herein.

24. Defendant U.S. Bank, N.A. as trustee for SASCO Mortgage Pass-through Certificates, Series 2007-BC3 (US Bank) is located at 461 5th Ave, New York, NY 10017.

25. Defendant Mortgage Electronic Registration Systems, Inc (MERS), is located at 1818 Library Street, # 300, Reston, VA 20190.

## FACTS

26. On November 29, 2006, the subject property was granted to Plaintiff Rhudy Hernandez. The Deed evidencing transfer of the ownership of the subject property was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3546 at Page 79 on December 4, 2006.

27. On November 29, 2006, Plaintiff executed a mortgage and note for $436,000.00 to People's Choice Home Loans, Inc. (People's Choice) as Lender, and Mortgage Electronic

Registration Systems, Inc. (MERS) as mortgagee, acting solely as nominee of Lender, People's Choice. The Mortgage was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3546 at Page 81 on December 4, 2006. (the Hernandez Mortgage). (See: Exhibit 1).

28. On March 20, 2007, People's Choice filed for protection from their creditors under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California as case number 8:07-bk-10765.

29. Upon good information and belief, subject to further discovery, the Hernandez Mortgage and Note became part of the Bankruptcy Estate of People's Choice, at the time People's Choice filed Bankruptcy.

30. On July 27, 2007, People's Choice filed a Notice of Rejection of Various Contracts as Document # 558 in United States Bankruptcy Court, Central District of California, case number 8:07-bk-10765. Listed as a rejected contract is Mortgage Electronic Registration Systems, Inc. (MERS). (See: Exhibit 2, Id. at p.10).

31. When People's Choice filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. (See: 11 U.S.C. § 365(g); "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease.").

32. Once People's Choice terminated their relationship with MERS, MERS' authority to assign the Hernandez Mortgage was also terminated.

33. On February 19, 2009, MERS, acing solely as nominee for People's Choice, purportedly assigned the Hernandez Mortgage to U.S. Bank N.A. (U.S. Bank) as trustee for SASCO Mortgage Pass-through Certificates, Series 2007-BC3. Said assignment was

4

recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3999 at Page 8 on February 25, 2009. (See: Exhibit 3).

34. The assignment of the mortgage executed by MERS to U.S. Bank is void *ab initio* because the assignor, MERS, lacked the authority to assign the Hernandez mortgage and had nothing to assign. (See: Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013); 17A Am. Jur. 2d. Contracts § 10 at 45-46 (2004) ("A void contract is void as to everybody whose rights would be affected by it if it were valid."). (See also: DiLibero v. MERS, No. 2013-190 (RI Supr. 2015)).

17. On or about July 18, 2016, U.S. Bank retained Bendett & McHugh, P.C. to foreclose the Hernandez Mortgage, and subsequently caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of September 9, 2016.

18. On September 9, 2016, prior to the scheduled Mortgagee's Foreclosure Sale of the subject property, Plaintiff filed for protection from her creditors under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island in case number 1:16-bk-11556.

19. At the time the Plaintiff filed Bankruptcy, the subject property became property of the Plaintiff Debtor's Bankruptcy Estate as was subject to the automatic stay under 11 U.S.C. § 362(a).

20. Defendant U.S. Bank purportedly foreclosed the Hernandez Mortgage and the subject property was purportedly sold at mortgagee's foreclosure sale on September 9, 2016 to a third party bidder.

21. The foreclosure and Mortgagee's Foreclosure Sale were in violation of R.I.G.L. § 34-11-22, are void and without force or effect, as U.S. Bank was not a mortgagee who could have invoked the statutory power of sale, subsequent to an assignment which is void *ab initio*.

22. Moreover, the foreclosure and mortgagee's sale was in violation of the automatic stay of bankruptcy codified at 11 USC § 362(a) further rendering those actions without force or effect.

23. Plaintiffs herein seek a declaratory judgment that the foreclosure is void, injunctive relief preventing U.S. Bank from any further conveyance, foreclosure and or eviction action, and to quiet title to the subject property.

## COUNT I
## DECLARATORY JUDGMENT & INJUNCTIVE RELIEF

24. Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

25. People's Choice filed a Notice of Rejection of Various Contracts in United States Bankruptcy Court listing MERS as a rejected contract. (See: Exhibit 2, Id. at p.10).

26. When People's Choice filed its rejection of the executory contract with MERS, the contract was breached and its relationship with MERS was terminated. (See: 11 U.S.C. § 365(g); "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease.").

27. Once People's Choice terminated their relationship with MERS, MERS' authority to assign the Hernandez Mortgage was also terminated.

28. After the relationship between MERS and People's Choice was terminated, MERS, acting solely as nominee for People's Choice, purportedly assigned the Hernandez Mortgage to U.S. Bank.

29. The assignment of the mortgage executed by MERS to U.S. Bank is void *ab initio* because the assignor, MERS, lacked the authority to assign the Hernandez mortgage and had nothing to assign.

30. U.S. Bank purportedly foreclosed the Hernandez Mortgage and purportedly sold the subject property at mortgagee's foreclosure sale.

31. At the time of the foreclosure and mortgagee's foreclosure sale U.S. Bank was not the properly assigned mortgagee subsequent to an assignment which is void *ab initio*, as noted herein above.

32. Additionally, prior to the scheduled foreclosure and sale, Plaintiff filed for protection from her creditors under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island in case number 1:16-bk-11556.

33. Defendant U.S. Bank has no properly assigned interest in the property, the mortgage or note and thus has no standing to enforce the mortgage that is the subject of this action.

34. As a result of U.S. Bank's lack of authority to exercise the statutory power of sale the foreclosure of the Hernandez Mortgage and mortgagee's foreclosure Sale of the subject property are in violation of R.I.G.L. § 34-11-22.

35. The foreclosure and mortgagee's sale was also in violation of the automatic stay of bankruptcy codified at 11 USC § 362(a), 362(c)(3)(A), and 362(c)(1) further rendering those actions without force or effect.

36. As a result of Defendants unauthorized actions in wrongfully assigning the Hernandez Mortgage, foreclosure, and auction of the subject property, the Plaintiff has suffered damages including emotional distress, loss of title to property, court costs, attorney's fees in defenses of foreclosure and eviction.

37. The Defendants wrongful actions are the direct cause of the harms to Plaintiff as alleged herein.

38. Plaintiff is entitled to a Declaratory Judgment that the foreclosure and mortgagee's foreclosure sale are void and without force and effect.

39. Plaintiff is entitled to injunctive relief enjoining U.S. Bank from proceeding with any conveyance of the subject property, and further foreclosure and/or eviction action.

40. Plaintiff is entitled to a Court Order requiring that U.S. Bank take all necessary steps to restore legal title to her property as if no foreclosure sale had ever occurred.

41. Plaintiff is entitled to a Court Order requiring that MERS rescind the void assignment of the Hernandez Mortgage, which was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3999 at Page 8, on February 25, 2009.

42. Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## QUIET TITLE

43. Plaintiff repeats and incorporates all paragraphs above as if fully articulated herein.

44. The real estate at issue is located at 200 Oaklawn Avenue, Cranston, RI 02920.

45. The Plaintiff and Defendant U.S. Bank both claim fee simple interest in the aforesaid property.

46. The Plaintiff claims ownership and title to the Property from a Deed granting the property to her which was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3546 at Page 79 on December 4, 2006. The name and address of said Plaintiff has been set forth herein above.

47. Defendant, U.S. Bank, claims ownership and title to the Property subsequent to a void foreclosure and mortgagee's foreclosure sale on September 9, 2016. Defendant U.S. Bank's address is set forth herein above.

48. At the time of the foreclosure and mortgagee's foreclosure sale U.S. Bank was not the properly assigned mortgagee subsequent to a void assignment as noted herein above.

49. At the time of foreclosure and mortgagee's sale the Plaintiff was protected from her creditors by the automatic stay of bankruptcy as noted herein above.

50. The foreclosure sale conducted by the Defendant is void as against public policy.

51. The Plaintiff has suffered damages and loss of property interest as a direct result of the conduct of the Defendant.

52. The Plaintiff is entitled to a judgment quieting title to the Property and declaring that Plaintiff Rhudy Hernandez is the owner of the Subject Property.

53. Plaintiff is entitled to a Court Order requiring that U.S. Bank take all necessary steps to restore legal title to her property as if no foreclosure sale had ever occurred.

54. Plaintiff is entitled to a Court Order requiring that MERS rescind the void assignment of the Hernandez Mortgage, which was recorded in the City of Cranston Clerks Office, Land Evidence Records in Book 3999 at Page 8, on February 25, 2009.

55. Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

WHEREFORE, Plaintiffs' demand that this Honorable Court:

    i. Declare that the Plaintiff Rhudy Hernandez, is the true and lawful owner of 200 Oaklawn Avenue, Cranston, RI 02920.

    ii. Enjoin and restrain Defendant and/or their agents from conveyance of the property, continuing or initiating any foreclosure actions or eviction actions against the Plaintiff or her tenants until the title to the property in dispute is cleared.

    iii. Declare that the foreclosure proceeding and/or sale of the subject property is void;

    iv. Order that Defendant U.S. Bank take all necessary steps to restore legal title to the subject property as if no foreclosure or sale had ever occurred. In addition, Plaintiff is entitled to be returned to her status and circumstance prior to the Defendant's wrongful foreclosure and sale;

    v. Order that Defendant MERS rescind the wrongful assignment as noted herein above as having been recorded

        in the City of Cranston Clerk's Office, Land Evidence Records;

vi.   Award Plaintiff punitive damages;

vii.  Award the Plaintiff reasonable attorney's fees and costs; and Grant such other relief which is just and equitable

Dated: August 25, 2017

                               Plaintiff, Rhudy Hernandez,
                               By her Attorney,

                               */s/ Nelson Robles*
                               Nelson Robles (9649)
                               668 Hartford Avenue
                               Providence, RI 02909
                               401-572-3335 Telephone
                               401-572-3344 Facsimile
                               nrobles85@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2017, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

*/s/ Nelson Robles*
Nelson Robles